UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROL YVONNE CUNNINGHAM,     Case No. 1:24-cv-582

     Plaintiff,      Hopkins, J.
          Bowman, M.J.
     v.

JERMISHA CASS, et al.,

     Defendants.

### REPORT AND RECOMMENDATION

Plaintiff, a resident of Cincinnati, brings this pro se action against multiple individuals as well as what appears to be an insurance company. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed with prejudice.

### I. General Screening Authority

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized

federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as factually and legally frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. In other words, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

The undersigned takes judicial notice that the above-captioned case is one of three civil rights cases that Plaintiff initiated on October 15, 2024. In addition, and notwithstanding an express representation that she has filed no prior cases in this Court, (*see* Doc. 1-1, PageID 7), Plaintiff filed another closely related case earlier this year that was dismissed on initial screening. In *Cunningham v. Henry*, No. 24-cv-283-MWM-SKB, as in this case, Plaintiff's complaint related to a notice of a lease violation she had received for allegedly harassing another resident. The complaint in No. 24-cv-283-MWM-

3

SKB identified the lease violation as dated December 13, 2023, and as issued by property manager "Jermisha Henry." The undersigned summarized the complaint as follows:

> Plaintiff appears to argue that the reasons given for the lease violation were false and that she did not assault or harass another tenant. However, the majority of the factual allegations in Plaintiff's complaint are illogical and incomprehensible. As such, the complaint provides no factual content or context from which the Court may reasonably infer that the Defendant violated Plaintiff's rights under federal law. Accordingly, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court.

(*Id.*, Doc. 4, PageID 50).

In her current complaint, Plaintiff complains about what appears to be the same December 13, 2023 lease violation issued by the same property manager.[1] Plaintiff again invokes the jurisdiction of this Court under federal civil rights law. But in order to make out a claim for a violation of civil rights under 42 U.S.C. § 1983, a plaintiff must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003) (citing *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted)). Here, none of the named Defendants appear to be state officials. And despite minor variations in format and the addition of several new defendants,[2] Plaintiff's complaint once again provides no factual content or context from which the Court may reasonably infer that Defendant Cass

---

[1] The Defendant property manager was identified as "Jermisha Henry" in the prior case, but is identified as "Jermisha Cass" in the above-captioned case. The undersigned infers based on the date of the lease violation and the identity of the Defendant's first name and titles, that the Defendant is the same individual in both lawsuits.

[2] In addition to the property manager, the current complaint identifies as additional Defendants the following: (1) Kiyana Clark, Nationwide Renter; (2) Molina My Care Ohio; (3) Sue Miller (Elderly Services Program); (4) Mary Beasley (resident); and (5) Emily Bender, Greater Cincinnati Behavior Health Case Manager, (Doc. 1-1, PageID 5).

or anyone else violated Plaintiff's civil rights under 42 U.S.C. § 1983 or any other federal law.  Therefore, the undersigned again recommends dismissal for failure to state a claim.

Because Plaintiff has filed four legally frivolous civil rights cases within the past six months as to which dismissal has been recommended on initial screening for failure to state a claim,[3] the undersigned further recommends that Plaintiff be warned that a continuation of the same conduct cannot be condoned by this Court. When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

---

[3] Two of those lawsuits, No. 1:24-cv-273-MWM-SKB and No. 1:24-cv-582-JPH-SKB, raised virtually identical claims concerning a December 13, 2023 alleged lease violation.

At this point in time, the undersigned views Plaintiff as simply misguided rather than as vexatious. Nevertheless, she should be forewarned that filing any future complaint based on the same subject matter could result in a finding that she is a vexatious litigant who should be made subject to prefiling restrictions.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. This case should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. Plaintiff should be forewarned that filing any future complaint based on the same subject matter could result in a finding that she is a vexatious litigant who should be made subject to prefiling restrictions;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis.*

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CAROL YVONNE CUNNINGHAM,    Case No. 1:24-cv-582

   Plaintiff,    Hopkins, J.
    Bowman, M.J.
   v.

JERMISHA CASS, et al.,

   Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).